UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 10-CR-20091 |
| JEFFREY L. DICKERSON, | ) ) |
| Defendant. | ) ) |

## OPINION

On November 4, 2010, Defendant, Jeffery L. Dickerson, was charged by indictment (#1) with three offenses. On November 8, 2011, this court appointed John C. Taylor to represent Defendant. On February 9, 2011, a superseding indictment (#13) was filed, which charged Defendant with three offenses. In Count 1, Defendant was charged with, on or about September 25, 2010, knowingly possessing 28 grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). In Count 2, Defendant was charged with knowingly possessing a machinegun "namely, (1) an Uzi, Model A, 9 millimeter automatic pistol, serial number SA16497; (2) an AR-15, 'Sendra Corp.' Model XM15E2, 5.56 millimeter rifle, serial number 10261; (3) an AR-15, 'Eagle Arms Inc.' Model EA-15, 5.56 millimeter rifle;" and a firearm, "namely, (4) a Walther, Model PPKS, 7.65 millimeter handgun, serial number 3078135; (5) an H & K, Model P95, 9 millimeter handgun, serial number 110644; and (6) a Smith & Wesson, .38 caliber revolver, serial number R126247," in furtherance of the crime of possession of cocaine base ("crack") as charged in Count 1 and the crime of distribution of cocaine base ("crack") in Kankakee County, Illinois in August of 2010, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(ii). In Count 3, Defendant was charged with possessing a firearm

after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

On May 25, 2011, the Government filed a Motion in Limine to Exclude Evidence of ATF Forfeiture Letter (#20). The Government stated that, on September 24, 2010, agents from the Kankakee-area Major Crimes Task Force executed a search warrant at Defendant's storage shed and seized five firearms and a silencer. The agents believed that three of the firearms were machineguns and turned them over to Bureau of Alcohol, Tobacco, and Firearms (ATF) for further testing. ATF examined the firearms and, on February 1, 2011, Firearms Officer Adam Galbraith of the ATF Firearms Technology Branch in Martinsburg, West Virginia, concluded that the three firearms met the statutory definition of machineguns. The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger, and also includes the frame or receiver of any such weapon. 26 U.S.C. § 5845(b). The Government then returned to the grand jury and obtained a superseding indictment charging Defendant with possession of a machinegun and, as quoted above, listing the three firearms as machineguns.

The Government stated that Defendant's counsel recently supplied it with a copy of a letter from ATF addressed to Defendant. The Government attached a copy of the letter, which was dated April 5, 2011. The letter notified Defendant of the commencement of administrative forfeiture proceedings for five firearms and various ammunition seized in connection with the September 24, 2010, search. The letter described the procedure for contesting the forfeiture. Attached to the letter was a document entitled "Asset List for Personal Seizure Notice." This document listed the ammunition and five firearms, including the three firearms specifically

identified as machineguns in the superseding indictment. The ATF forfeiture letter made no reference, direct or indirect, as to whether any of the seized firearms were machineguns or whether they were single-loaded, semi-automatic, or fully automatic weapons.

The Government stated that defense counsel informed it that Defendant intends to use the ATF forfeiture letter during the jury trial of this matter to challenge the claim of the Government that the three firearms are machineguns as alleged in the superseding indictment. The Government asked this court for an order excluding the letter from the jury trial. The Government argued that: (1) the letter is irrelevant because it does not address whether the seized weapons were machineguns; (2) the letter is inadmissible hearsay; and (3) the letter's probative value is substantially outweighed by the danger of confusion of the issues and misleading the jury.

Defendant filed a Response (#26) on May 31, 2011. In the Response, Defendant admits that the Government's motion is well grounded in law and fact and, while not conceding the motion, finds that a response would be frivolous as no meritorious arguments would support a position in opposition to the Government's motion.

This court agrees with the Government that the letter should not be admitted into evidence at trial. The letter is not relevant to the issue, is inadmissible hearsay, and would confuse the jury. First, the letter is not relevant under Federal Rule of Evidence 402, which provides

> "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The ATF forfeiture letter in question fails to address whether any of the seized firearms are machineguns. The purpose of an ATF forfeiture letter is to commence administrative forfeiture proceedings. See United States v. Miscellaneous Firearms, Explosives, Destructive Devices, and Ammunition, 376 F.3d 709, 711 (7th Cir. 2004). The ATF forfeiture letter should not be construed for any other purpose. See United States v. Yeley, 346 F.Supp.2d 969, 973 (S.D. Ind. 2004) (court ruled that the defendant could not rely on a forfeiture letter sent by the ATF to argue that he had permission to possess firearms and precluded the defendant from presenting evidence of his subjective belief regarding the meaning of the letter to the jury). A cursory review of the ATF letter in question here reveals it says nothing about whether the listed firearms meet the statutory definition of a machinegun. It is not probative of whether the firearms are machineguns, and will be barred under Federal Rule of Evidence 402 as not relevant.

Second, the letter is inadmissible hearsay. Federal Rule of Evidence 802 generally bars hearsay from evidence, and Rule 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, Defendant is offering the ATF forfeiture letter to prove the firearms in question are not machineguns. The court agrees with the Government that, as a document specifically prepared in by an enforcement agency in anticipation of litigation, the document would not fall within the business or public records exception. See Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527, 2538 (2009). Further, even if Defendant tried to get the letter in under the absence of public record or entry hearsay exception of Rule 803(10), the rule requires that the absent entry of record be one that is regularly or ordinarily made. Fed. R. Evid. 803(10). Here, there is no evidence the ATF regularly makes entries or records of whether firearms are

machineguns in their forfeiture letters. Therefore, the ATF forfeiture letter is inadmissible hearsay and will be excluded from evidence under Federal Rule of Evidence 802.

Third, under Federal Rule of Evidence 403, the letter should be excluded because its probative value is outweighed by the danger of confusing the issues and misleading the jury. The court agrees with the Government that the ATF letter discusses irrelevant administrative forfeiture proceedings at length, such as implicitly presuming Defendant's prior possession of firearms (confusing the criminal presumption of innocence) and requires Defendant to file a claim to contest the forfeiture (confusing Defendant's right to remain silent and not present evidence in the criminal proceeding). The letter never explains the difference between the pending civil forfeiture proceedings and the pending criminal charges. Thus, the letter will confuse these issues and potentially mislead the jury, and should be barred under Federal Rule of Evidence 403.

IT IS THEREFORE ORDERED:

(1) The government's Motion in Limine to Exclude Evidence of ATF Forfeiture Letter (#20) is GRANTED. Defendant is prohibited from introducing, during the jury trial of this matter, any evidence of the ATF forfeiture letter dated April 5, 2011 and sent to the Defendant, from questioning any witness regarding the letter, and from referring to the letter during argument.

(2) This case remains set for a pretrial conference on June 1, 2011, in Courtroom A at 10:30 am and remains set for jury selection on June 6, 2011, in Courtroom A, stating at 9:00 am.

ENTERED this _1st_ day of _June_, 2011.



s/ Michael P. McCuskey

MICHAEL P. McCUSKEY
CHIEF JUDGE